## The State *vs.* Dover.

Where the report of a committee, laying out a highway, is accepted by the court of common pleas, the highway is thereby established ; and a record that the court adjudge that the highway be laid out, is not essential.

In an indictment or information against a town, for not making or repairing a highway, it is not necessary to name the owners of the land over which the highway is laid ; and if part are named, and others omitted, it will not vitiate the proceedings.

INFORMATION filed by the attorney general against the town of Dover, for not making a road, alleged to have been legally laid out and established in said town, described as follows, viz. : " Commencing on the line between the towns of Dover and Somersworth, at a point where the centre line of the new road, lately laid out in said town of Somersworth, by the selectmen thereof, as appears by the return thereof, dated October 15, A. D. 1833, terminates ; thence running south thirty-nine and a half degrees west, two rods, across Fresh Creek lane, to a hub, or stake, in the ground ; thence, same course, sixteen links, across land of Samuel Wiggin, Susan Wiggin, and Janvrin F. Wiggin, or of some of them, to a hub, or stake, driven in the ground ; thence, same course,

forty-four rods, over land of Nathaniel W. Ela, to a hub, or stake, driven in the ground ; thence, same course, across land of John Ham, one hundred and twelve rods and twenty-four links, to a stake, or hub, driven into the ground ; thence, same course, over land of Daniel M. Durell, forty-four rods, to Charles street, so called." The town pleaded not guilty.

To maintain the issue on the part of the state, the attorney general offered an authenticated copy of the record, containing the report of the committee, and the judgment of the court thereupon, in which the road was described precisely as it was in the information. The petition prayed for a road of greater length, extending over other land, and the committee laid out the same ; but that part of the report was not accepted. The record of the acceptance and judgment was as follows, viz. : "And now, at this term, it is ordered by the court, that so much of the report as lays out the petitioned for highway from Somersworth line to Charles street, in Dover, be accepted ; and that part of the report which lays out the road from said Charles street to the main road leading from Dover landing to Garrison hill, be rejected."

The town objected to this evidence, that it did not show that the road was ever laid out and established by the court, as alleged in the information ; but only showed that the report of the committee, laying out the highway, was accepted. The court overruled this exception, and admitted the evidence.

The town then offered to prove, and the state's counsel thereupon admitted, that a road commencing on Somersworth line, at the point specified in the report and information, and running upon the course mentioned in the report and information, to Charles street, must necessarily cross a corner of a Mrs. Robinson's land. It also appeared by the report of the committee, that they had duly notified her as one of the land owners, and that they had awarded her, as such, the sum of $39 damages. The court instructed the

jury that the road was well laid out and established, on a direct line from said point on Somersworth line, on the course mentioned, all the way to Charles street; and that the omission in the report and information, to state that the road crossed any part of Mrs. Robinson's land, was immaterial; and that it was not necessary, either in the report or information, when describing the road, to mention any of the owners of the land over which the same passed; and, that mentioning part of them, and omitting one or more of them, could not vitiate the proceedings, as the whole might be rejected as surplusage.

The jury found a verdict against the defendants, and they moved for a new trial, on the ground of a misdirection by the court.

*C. W. Woodman*, solicitor, for the state.

*Hale*, for the defendants.

PARKER, C. J.   The first exception, perhaps, had its origin in the practice sometimes prevailing in legislative bodies, by which the effect of accepting the report of a committee is merely to bring the subject matter of the report before the body to which the report is made, for further action.   The acceptance of a report is frequently, in such cases, merely equivalent to a reception of the report and papers from the hands of the committee.   But that such is not the effect of an acceptance of the report of a committee, laying out a highway, under our statute, is very clear from the explicit language of the statute itself, which provides that " such report being returned to the court of common pleas, and duly accepted, such new highway, or such alterations in an existing highway, shall be deemed to be duly established." *N. H. Laws* 576.   No formal record of a judgment that the highway be established, is necessary to the validity of the proceedings, as that is expressly declared to be the effect of an acceptance of the report.

The State *v.* Dover.

Nor is it of any importance that one of the owners of land, over which the highway passes, is not named in the information. It was not necessary to name any of them, as the course of the highway is sufficiently described. It was necessary that the committee should notify all the owners, before laying out the highway, and that they should assess damages to all. It should appear from the report that this was done ; and it does so appear in this case. Mrs. Robinson was notified, and her damages assessed. But it was not necessary to name the owners in that part of the report of the committee describing the line of the highway as laid out, nor did it become essential that all should be enumerated because some were mentioned.

*Judgment on the verdict.*